UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM SMITH,**

        **Plaintiff,**

-vs-                                                Case No. 6:11-cv-1332-Orl-31KRS

**CITY OF OAK HILL, FLORIDA; GUY
GRASSO; SHANE CHANDLER; and
MICHAEL IHNKEN,**

        **Defendants.**

## ORDER

This matter comes before the Court without a hearing on motions to dismiss filed by Defendant City of Oak Hill, Florida (the "City" or "Oak Hill") (Doc. 6), Defendant Shane Chandler ("Chandler") (Doc. 17), and Defendant Michael Ihnken ("Ihnken") (Doc. 19) and the responses (Doc. 21-23) filed by the Plaintiff, William Smith ("Smith").

### I.   Background

Smith was arrested on April 11, 2007 and charged with several drug and weapon offenses under state law. Chandler and Ihnken were the Oak Hill police officers who pulled him over and arrested him. Defendant Guy Grasso was the Oak Hill police chief at that time. In state court, Smith sought to suppress the evidence seized during the traffic stop. On October 12, 2007, the state court held a hearing on the motion to suppress. Defendant Chandler testified at the hearing. The state court granted the motion to suppress. Subsequently, the state attorney's office dropped all the charges against Smith.

On April 11, 2011, Smith filed the instant suit in state court. In his 17-count complaint (Doc. 2), he asserts that the Defendants violated numerous federal and state laws during his stop and arrest, ranging from violations of his Fourth, Fifth, and Fourteenth Amendment rights to state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress. On August 11, 2011, the City removed the case to this court. By way of the instant motions, the Defendants seek dismissal of all of the counts directed toward him. As many of the Defendants' arguments are duplicative or overlapping, the Court addresses all three motions in a single order.

**II.    Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.     Analysis**

   **A.     Official or Individual Capacity, and Punitives**

The City complains that it is not clear whether Grasso, the former police chief, is being sued in his official or individual capacity. However, the caption of the original complaint (Doc. 2) makes it clear that Grass is being sued solely in his capacity as chief of police at the time of Smith's arrest, rather than individually. The City also complains that the text of the complaint asserts that Chandler and Ihnken are being sued in both capacities, even though numerous counts appear to assert claims against the pair in only one or the other capacity. The court finds no contradiction; Chandler and Ihnken have been sued in both capacities, but not as to every count. Some claims are asserted against them individually, others are asserted against them in their official capacity.

However, Section 1983 claims against municipal officers in their official capacities are functionally equivalent to direct suits against the municipality. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). As Oak Hill is already a party to this action, the redundant official-capacity claims against Grasso, Chandler, and Ihnken will be dismissed with prejudice. *See id.*

The City also asserts that municipalities are immune from claims for exemplary damages, and the Plaintiff agrees. Accordingly, the exemplary damages claims against the city will be dismissed with prejudice.

**B.     Individual Counts**

Count I

In Count I, the Plaintiff contends that Defendants Chandler and Ihnken falsified a charging affidavit to justify the traffic stop that resulted in his arrest, thereby violating his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures. The Fourteenth Amendment is not applicable where another amendment "provides an explicit textual source of constitutional protection against the sort of conduct complained of." *Jordan v. Mosley*, 298 Fed. Appx. 803, 805 (11th Cir. 2008) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). Here, the Fourth Amendment explicitly protects the Plaintiff's right to be free of unreasonable searches and seizures. Therefore, to the extent that it is intended to assert a Fourteenth Amendment claim, Count I will be dismissed with prejudice.

Count II

In Count II, the Plaintiff seeks to recover damages under Section 1983 as a result of allegedly false testimony by Chandler at the state court suppression hearing. Section 1983 does not authorize a claim for damages against a police officer for giving perjured testimony in a

judicial proceeding. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325 (1983). Count II will therefore be dismissed with prejudice.

### Count III

Count III is a conspiracy claim against Defendants Chandler and Ihnken. The Plaintiff contends that Chandler and Ihnken "reached an understanding" to deny him his rights under the Fourth Amendment to be free from unreasonable searches and seizures and his right under the Fifth Amendment to "not be subject to criminal charges based upon illegally obtained evidence." (Doc. 2 at 13). Such a conspiracy claim is barred by the intracorporate conspiracy doctrine, which holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors needed to form a conspiracy. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010) (holding that intracorporate conspiracy doctrine barred conspiracy claim against police officers from same city's police force).

In addition, it is well established that the due process clause of the Fifth Amendment restrains only the federal government. *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989). Accordingly, the Plaintiff cannot assert Fifth Amendment claims against the City or its employees. This particular point is moot with regard to Count III. But Count IV, Count V and Count VI also purport to assert Fifth Amendment claims. To the extent that those counts are not set for dismissal on other grounds, the Fifth Amendment claims within them will be dismissed with prejudice.

### Count IV

In Count IV, the Plaintiff attempts to assert a Section 1983 claim against the City for malicious prosecution. However, as pled, the claim is based on *respondeat superior*. The count specifies that Chandler and Ihnken are sued "as servants of ... Grasso," and does not identify any

actions taken by Grasso or the City that could have resulted in liability. (Doc. 2 at 15-16). Municipalities cannot be held liable under Section 1983 on the basis of *respondeat superior*. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978). Count IV will be dismissed with prejudice.

> Count V

Count V asserts Section 1983 claims against the City based on "policy, practice and/or custom." (Doc. 2 at 16). The City contends that the count includes only boilerplate, and that it is insufficient to provide notice of the Plaintiff's claims. However, after a review, the Court finds that the allegations – though somewhat formulaic – are sufficient to put the City on notice of the claims against it and thereby avoid dismissal.[1]

> Count VI

Count VI is a Section 1983 failure-to-train or failure-to-supervise claim, asserted against the City. Count V also includes allegations that the City failed to properly train or supervise its police officers. Comparing the allegations in these two counts, the Court finds no substantive differences between them. As Count VI is redundant, it will be dismissed without prejudice.

In addition, the City asserts that Counts III through VI must be dismissed for failure to plead that the actions at issue were taken under color of law. This argument fails for two reasons. First, although this is certainly an element of a Section 1983 cause of action, Oak Hill has not provided any cases stating that it must be explicitly pled. Second, the complaint makes it clear that the alleged actions were taken by police officers during the course of a traffic stop, arrest and

---

[1]As noted above, however, to the extent Count V attempts to assert Fifth Amendment claims, it will be dismissed with prejudice.

subsequent judicial proceedings. Thus, even though not explicitly stated, it is clear that the Plaintiff is alleging that actions were taken under color of law.

Counts VII through XIV

Counts VII through XIV involve the following state law false arrest and false imprisonment claims:

- Count VII – False Arrest against the City based upon Chandler's actions;
- Count VIII – False Arrest against Chandler individually;
- Count IX – False Imprisonment against the City based upon Chandler's actions;
- Count X – False Imprisonment against Chandler individually;
- Count XI – False Arrest against the City based upon Ihnken's actions;
- Count XII – False Arrest against Ihnken individually;
- Count XIII – False Imprisonment against the City based upon Ihnken's actions;
- Count XIV – False Imprisonment against Ihnken individually.

However, under Florida law, false arrest and false imprisonment are two different labels for the same cause of action. *Rankin v. Evans*, 133 F.3d 1425, 1431 n.5 (11th Cir. 1998). Accordingly, those counts asserting false imprisonment claims – *i.e.*, IX, X, XIII, and XIV – are redundant and will be dismissed with prejudice.

The City also argues that it is entitled to sovereign immunity in regard to the false arrest claims, on the grounds that the Plaintiff is attempting to hold it liable for the allegedly malicious acts of its officers and employees. Florida Statute § 768.28 governs the state's waiver of its sovereign immunity from suits in tort. The statute provides in pertinent part that

> The state or its subdivision shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment <u>or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property</u>.

Fla. Stat. § 768.28(9) (emphasis added).

In the false arrest claims asserted against the City (*i.e.*, Counts VII and XI), Smith has pled that the officers acted "in bad faith, and with willful disregard of the human rights, safety, and property of the Plaintiff". (Doc. 2 at 21, 26). As a subdivision of the state of Florida, Oak Hill cannot be held liable for such acts. *See, e.g., Gomez v. Lozano*, 759 F.Supp.2d 1335, 1337-38 (S.D.Fla. 2011). Counts VII and XI will be dismissed with prejudice.

### Count XV

In this Count, the Plaintiff attempts to assert a state law malicious prosecution claim against the City for the actions taken by Chandler and Ihnken. The Plaintiff has pled that these actions were done with malicious purpose. (Doc. 2 at 31). In addition, "malice" is an element of a malicious prosecution claim under Florida law.[2] Florida Statute § 768.28(9) therefore bars any action against state agencies or subdivisions based upon malicious prosecution. *Sebring Utilities Comm'n v. Sicher*, 509 So.2d 968, 970 (Fla. 2d DCA 1987). Count XV will be dismissed with prejudice.

---

[2] To prevail on a malicious prosecution claim under Florida law, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *Alamo Rent-A-Car v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994).

Count XVII[3]

Plaintiff asserts a claim for intentional infliction of emotional distress in Count XVII. To the extent the Plaintiff is attempting to assert it against the City, the claim is barred by Fla. Stat. 768.28(9). *See Samedi v. Miami-Dade County*, 134 F.Supp.2d 1320, 1354 (S.D. Fla. 2001) (holding that tort of intentional infliction requires showing of "reckless conduct," which is the equivalent of "willful and wanton conduct" for purposes of Fla. Stat. § 768.28(9)). Count XVII will be dismissed with prejudice.

**IV. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the motions to dismiss (Doc. 6, 17, and 19) are **GRANTED IN PART AND DENIED IN PART**, as set forth above. The Fourteenth Amendment claim asserted in Count I is **DISMISSED WITH PREJUDICE**. Counts II through IV are **DISMISSED WITH PREJUDICE**. The Fifth Amendment claim asserted in Count V is **DISMISSED WITH PREJUDICE**. Counts VII, IX, X, XI, XIII, XIV, XV, and XVII are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 3, 2011.

　　　　　　　　　　　　　　　　　　　　／s／ Gregory A. Presnell
　　　　　　　　　　　　　　　　　　　　**GREGORY A. PRESNELL**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

---

[3] No Defendant has sought dismissal of Count XVI, a malicious prosecution claim against Chandler and Ihnken.

Counsel of Record
Unrepresented Party