# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM SMITH,**

      **Plaintiff,**

**v.**                                                   **Case No: 6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Judgment as a Matter of Law (Doc. 219) filed by Defendant Shane Chandler ("Chandler"), the response in opposition (Doc. 221) filed by the Plaintiff, William Smith ("Smith"), and the reply (Doc. 226) filed by Chandler.

### I. Background

In this Section 1983 case, Smith alleged that Chandler, then an officer with the City of Oak Hill Police Department, violated his Fourth Amendment rights by stopping and searching his vehicle without probable cause. The first trial in this case ended in a mistrial. After a second trial, a jury agreed with Smith as to the stop but disagreed as to the search. Smith was awarded $250 in damages for the illegal traffic stop.

At the close of Plaintiff's case in the second trial, Chandler moved under Fed.R.Civ.P. 50(a) for judgment as a matter of law, arguing that the only evidence before the jury showed that he had probable cause to stop Smith's vehicle and, therefore, the stop did not violate Section 1983. Chandler and another officer who accompanied him on the night in question had both testified that

they saw Smith's vehicle drift across the solid white "fog line" on the outside of the lane in which it was travelling, then drift back the other way and cross the dotted white line on the driver's side of the lane.[1]  It is undisputed that crossing either of these lines would constitute a traffic offense under Florida law and would give an officer witnessing it probable cause to stop the vehicle that did so.  During the first trial, Smith had denied crossing either line.  During the second trial, although he again took the stand, Smith did not testify as to whether he had crossed either line.

The Court reserved ruling on Chandler's motion.  At the close of his own case, Chandler renewed the motion, and the Court again reserved ruling on it.  The case went to the jury which, as noted above, found in the Plaintiff's favor as to the lawfulness of the stop.  By way of the instant motion, Chandler again seeks judgment as a matter of law on the issue of the stop.  Failing that, Chandler seeks a new trial.

**II.    Legal Standard**

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Rule 50(b) governs post-trial motions for judgment as a matter of law.  It provides that

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a

---

[1] Chandler's report from that night, saying essentially the same things, was also admitted into evidence.

>verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
>(1) allow judgment on the verdict, if the jury returned a verdict;
>
>(2) order a new trial; or
>
>(3) direct the entry of judgment as a matter of law.

In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). However, the Court may not make credibility determinations or weigh the evidence. *Id.*

### III. Analysis

Smith bore the burden of proving that the traffic stop was unreasonable. In particular, he bore the burden of proving that Chandler lacked probable cause to stop his vehicle. *See Whren v. United States*, 517 U.S. 806, 810 (1996). Although Smith did not offer his own testimony on this point, the Court nonetheless finds that there was evidence from which a reasonable jury could have concluded that Chandler lacked probable cause to pull Smith over.

Chandler testified that, after witnessing Smith drift across the fog line and the center line, he activated the video recording system in his police cruiser. While that system was operating, Chandler testified, Smith crossed the fog line one more time, providing him with an additional instance of probable cause to make a stop, which he initiated shortly thereafter.

The recording was admitted into evidence at the second trial, and the jury watched it. Based on the verdict, the jury must have disagreed that the video showed Smith committing a traffic offense and, implicitly, the jury must have decided that Chandler was mistaken or lying as to what he saw after the video camera was turned on.

When the testimony of a witness is not believed, the trier of fact may simply disregard it. Normally, discredited testimony alone is not considered a sufficient basis for drawing a contrary conclusion. *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) (citing *Moore v. Chesapeake & Ohio R. Co.*, 340 U.S. 573, 575 (1951)).  However, while a jury may not rest its verdict on mere speculation or conjecture, it may make reasonable inferences from evidence. *Pregeant v. Pan American World Airways, Inc.*, 762 F.2d 1245, 1249 (5th Cir. 1985).  Such inferences can overcome contrary direct testimony. *Id.* at 1250.

Here, having viewed the videotape and found Chandler's recollection as to what he saw during that portion of his encounter with Smith to be inaccurate, the jury could reasonably have inferred that Chandler's recollection as to what occurred before the tape was switched on was also inaccurate, and that Smith had not, in fact, drifted across the lines so as to provide probable cause for a stop.  This inference, drawn from the videotape, would be sufficient to overcome Chandler's contrary direct testimony.  Accordingly, it is hereby

**ORDERED** that the Motion for Judgment as a Matter of Law (Doc. 219) is **DENIED.**

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2013.

Copies furnished to:

Counsel of Record
Unrepresented Parties