# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**WILLIAM SMITH,**

**Plaintiff,**

**v.** **Case No: 6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

**Defendant.**

---

## ORDER

This matter comes before the Court without a hearing on the Motion for Attorney Fees (Doc. 156) filed by the City of Oak Hill (the "City") and the response in opposition (Doc. 176) filed by the Plaintiff, William Smith ("Smith").

### I. Background

Smith filed this suit against the City and several other defendants in state court on April 11, 2011, contending that he had been improperly stopped and arrested by members of the Oak Hill Police Department on or about April 24, 2007. The City removed the case to this Court on August 11, 2011. Smith originally asserted nine claims against the City, under both state and federal law. However, the Court dismissed all of those claims except for a single one under 42 U.S.C. § 1983. (Doc. 29). On January 11, 2013, the Court granted summary judgment in favor of the City as to that Section 1983 claim. (Doc. 147). The City now seeks to recover its attorney fees pursuant to 42 U.S.C. § 1988.

## II. Legal Standards

Section 1988(b) permits a court to award attorney's fees to the "prevailing party" for actions brought "to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.]" *See generally U.S. Steel, LLC, v. Tieco, Inc*., 261 F.3d 1275, 1294 (11th Cir.2001); *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 648 n. 2 (11th Cir.1990). Ordinarily, a prevailing plaintiff in Title VII cases "is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 417, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). By contrast, a more stringent standard applies to prevailing defendants, who may be awarded attorney's fees only when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421, 98 S.Ct. 694. This standard applies equally to awards of attorney's fees sought under 42 U.S.C. § 1988 by prevailing civil rights defendants. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir.1995) (citing *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)).

## III. Analysis

It is not disputed that the City was a prevailing party in this case. However, the fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. *Hughes*, 449 U.S. at 14, 101 S.Ct. 173 (applying *Christiansburg* standard to attorney's fees award under Section 1983). Further, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit. *Id*. at 15, 101 S.Ct. 173 (citing *Christiansburg*, 434 U.S. at 422, 98 S.Ct. 694). A plaintiff may be assessed fees if he continues to litigate a once colorable claim after it becomes obvious that the claim is frivolous, unreasonable, or groundless. *Christiansburg*, 434 U.S. at 422, 98 S.Ct.

694. In determining whether to assess attorney's fees, the district court must examine (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985); *Turner v. Sungard Bus. Sys., Inc*., 91 F.3d 1418, 1422 (11th Cir.1996). In other words, the district court must focus on the question of whether the case is seriously lacking in arguable merit. *Sullivan*, 773 F.2d at 1189.

In Count V of his Complaint, the Plaintiff alleged that the City, in violation of 42 U.S.C. §1983, had a policy or practice of encouraging (or at least allowing) City police officers to conduct searches and seizures without probable cause or based upon fabricated evidence. (Doc. 2 at 16-17). At the outset of the litigation, this allegation was supported by the Plaintiff's belief (and subsequent testimony) that (1) he had been stopped without probable cause and arrested based on fabricated evidence by Oak Hill officers in April 2007 and (2) that he had also been stopped without probable cause by one of the same Oak Hill officers some months earlier. (A jury subsequently agreed that the April 2007 stop (though not the arrest) violated the Plaintiff's Fourth Amendment rights.) Though the Plaintiff's testimony about these two incidents was not enough, on its own, to support a jury verdict that the City had a policy or practice that violated Section 1983, it was enough to make such an allegation at least colorable at the time the lawsuit was filed.

At the outset, then, this claim was not frivolous. But the inquiry does not end there. In response to the City's motion for summary judgment, the Plaintiff could not produce any evidence tending to show shortcomings in the officers' training or in the Oak Hill Police Department's policies or practices regarding the Fourth Amendment, or any other instances where individuals had been stopped and searched in Oak Hill without probable cause. Aside from his own testimony

that his Fourth Amendment rights had been violated on two occasions, the only evidence Plaintiff presented that Oak Hill had a policy or practice of such abuse was a few pages printed out from a website describing problems within the Oak Hill Police Department. The printout did nothing to support Smith's case. It was clearly hearsay, and almost certainly inadmissible on that ground alone. More to the point, the problems described in the printout occurred years after the incidents involving Smith and had nothing to do with probable cause, searches, seizures, or anything of that nature. Simply stated, to the extent the document might have been admissible, it was irrelevant.

It should have been obvious, by the close of discovery, that no evidence had been uncovered in support of the policy and practices claim against the City. Despite it becoming obvious that the claim was groundless, the Plaintiff continued to litigate it, forcing the City to file a motion for summary judgment. This conduct justifies an award of attorney fees under 42 U.S.C. §1988. *See, e.g., Vavrus v. Russo*, 243 Fed.Appx. 561 (11th Cir. 2007) (upholding award of fees to Defendants under Section 1988 where Plaintiff's equal protection and due process claims survived a motion to dismiss but Defendants were awarded summary judgment due to Plaintiff's failure to produce evidence in support). The *Sullivan* factors also support an award of fees to the City here: Smith did not establish a *prima facie* case as to the City; the City offered, at most, a nuisance value settlement offer[1]; and the claim against the City was dismissed prior to trial. *See Sullivan*, 773 F.2d at 1179.

Accordingly, the Court concludes that the City should be awarded attorney's fees under 42 U.S.C. § 1988. Because the Section 1983 claim was at least colorable at the time it was filed, the Court will exercise its discretion to award fees to the City beginning at the close of discovery. As

[1] The record is not entirely clear as to this point, but the Plaintiff does not appear to dispute the City's contention that it made a nuisance-value settlement offer at mediation. (Doc. 176 at 6-7).

the City has not provided billing records or time sheets, the Court is unable to determine the amount of the fee award.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Attorney Fees (Doc. 156) is **GRANTED IN PART AND DENIED AND PART** as set forth above. And it is further

**ORDERED** that on or before June 17, 2013, the City shall file a motion to set the amount of the fee award, accompanied by time sheets or other evidence in support. The Plaintiff may file a response, not to exceed fifteen pages in length, on or before June 27, 2013.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2013.

                                                     **GREGORY A. PRESNELL**
                                                   **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties