# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM SMITH,**

      **Plaintiff,**

**v.**                                                       **Case No: 6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

      **Defendant.**

## ORDER

This matter comes before the Court on a Motion for Attorneys' Fees and Costs (Doc. 240) filed by Plaintiff William Smith, and the response in opposition (Doc. 244) filed by Defendant Shane Chandler.

### I. Background

Smith filed this suit against Shane Chandler ("Chandler") and several other defendants in state court on April 11, 2011, contending that he had been improperly stopped and arrested by Chandler on or about April 24, 2007. Defendants removed the case to this Court on August 11, 2011. Smith originally asserted nine claims against the Defendants, under both state and federal law. However, the Court dismissed all of those claims except for a single one under 42 U.S.C. § 1983. (Doc. 29). A jury trial was held between March 13 and 14, 2013, resulting in a verdict for the Plaintiff with respect to the traffic stop, but in favor of Chandler with respect to the subsequent search of Smith's vehicle. Smith was awarded $250.00 in damages for the violation of his Fourth Amendment rights with respect to the improper stop. Smith now seeks to recover his attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## II.     Standard

Section 1988(b) permits a court to award attorney's fees to the "prevailing party" for actions brought "to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.]" *See generally U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1294 (11th Cir.2001); *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 648 n. 2 (11th Cir.1990). Ordinarily, a prevailing plaintiff in Title VII cases "is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 417, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Reasonable fees' under § 1988 are calculated according to the prevailing market rates in the relevant community. *Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985) (citing *Blum v. Stenson,* 465 U.S. 886, ----, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984) (footnote omitted)). Additional factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Gaines,* 775 F.2d at 1572.

## III.     Analysis

The starting point for calculating a reasonable attorney's fee is to determine the lodestar amount. Plaintiff seeks reimbursement for 179.65 hours at $240.00 per hour for attorney Bradley N. Laurent, 116 hours at $240.00 per hour for attorney Carlus L. Haynes, and 28 hours at $50.00 per hour for paralegal Mary Weiser—a total fee request of $72,356.00. Defendant does not contest

the lodestar amount, but rather, argues that fees should be reduced in light of the minimal results obtained.

The original Complaint asserted seventeen counts against four defendants, the City of Oak Hill, Guy Grasso, as Chief of the Oak Hill Police Department, Officer Shane Chandler, and Officer Michael Ihnken. Only the § 1983 claims against Ihnken and Chandler survived until trial—and judgment as a matter of law was granted in favor of Ihnken during trial. Although he was awarded $250.00 for the unconstitutional stop of his vehicle by Chandler, Smith did not prevail on any claims against Guy Grasso, the City of Oak Hill, or Officer Michael Ihnken, yet he claims 46.45 hours relating to work on those claims and 25 hours related to efforts spent opposing an award for sanctions against Plaintiff's counsel—totaling $17,148.00. Given the results obtained, Smith is not entitled to these fees. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1398 (11th Cir. 1996).

Defendant also argues that the nominal award in the case justifies dispensing with the lodestar analysis entirely. *See Farrar v. Hobby*, 506 U.S. 103, 115-118, 113 S. Ct. 566, 574, 121 L. Ed. 2d 494 (1992). Smith originally sought over $270,000.00 in damages, but recovered less than .092% of that amount. (Doc. 244 at 7). Though nominal damages may justify a significant fee reduction in some cases, the vindication of constitutional rights produces an "undoubted public benefit" that may be considered by a court in determining a reasonable attorney's fee. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). On balance, a 50% reduction in fees takes into account the de minimus award, while still recognizing the public benefit provided by successful civil rights claims. Accordingly, the Court will reduce Plaintiff's fee by 50%.

The final calculation is as follows. The lodestar amount is $72,356.00, reduced by $17,148.00 for work expended on unsuccessful claims equals $55,208.00, reduced by 50% to account for the nominal damages, results in a final fee of $27,604.00.

It is therefore,

**ORDERED** that Plaintiff's Motion (Doc. 240) is **GRANTED in part, DENIED AS MOOT in part**. The Clerk shall enter a fee judgment for Plaintiff and against Defendant, Shane Chandler, in the amount of $27,604.00. Plaintiff's motion for costs is denied as moot in light of the Court's previous ruling at Doc. 241.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties