# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM SMITH,**

      **Plaintiff,**

**v.**                                         **Case No: 6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Determine Amount of Attorneys' Fees (Doc. 249) filed by former Defendant City of Oak Hill (the "City" or "Oak Hill") and the response in opposition (Doc. 254) filed by the Plaintiff, William Smith ("Smith").

### I. Background

Smith filed this suit against the City and several other defendants on April 11, 2011, contending that he had been improperly stopped and arrested by members of the Oak Hill Police Department. Smith originally asserted nine claims against the City, under both state and federal law. However, the Court dismissed all of those claims except for a single one under 42 U.S.C. §1983. (Doc. 29). On January 11, 2013, the Court granted summary judgment in favor of the City as to the Section 1983 claim. (Doc. 147).

The City sought to recover its attorneys' fees. On June 7, 2013, the Court determined that the City was entitled to an award pursuant to 42 U.S.C. §1988 for all attorneys fees incurred after the close of discovery. (Doc. 243 at 4). Because the City had not provided billing records or time

sheets, the Court was unable to determine the amount of the award. The City now seeks that determination, and has attached time sheets and affidavits from its attorneys to the instant motion.

**II.     Legal Standard**

Section 1988 allows for the recovery of "reasonable" attorneys' fees. 42 U.S.C. § 1988. In determining the reasonable amount of attorneys' fees to be awarded, federal courts use the "lodestar" approach, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Id.* (internal citations omitted).

A.     Hourly Rates

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir.1985). With respect to rates, an applicant may meet his burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299. (11th Cir.1988). In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," the court is to consider the 12 factors enumerated

in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19.

### B. Number of Hours

With respect to hours, if an applicant's documentation is inadequate, the district court may reduce the award accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under *Hensley*, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir.1997). Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted. Where a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable. *See, e.g., American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1314–15

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

- 3 -

(M.D.Fla. 2003). When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

### III.  Analysis

The City seeks an award at an hourly rate of $155 per hour for its lead counsel, Joseph Flood, $135 per hour for the other attorneys who worked on its case, and $75 per hour for paralegal time. The Plaintiff does not object to any of the rates sought by the City. Accordingly, the Court will utilize those rates in determining the amount to be awarded.

Discovery in this case closed on May 11, 2012. After that date, according to the billing records provided, the City incurred 420.4 hours of attorney work and 43.9 hours of paralegal work. When multiplied by the pertinent hourly rates, this totals $64,572.50. As the result of separate proceedings, the Court has already awarded the City $2,362.00 in attorneys' fees incurred after May 11, 2012. Subtracting this $2,362.00 from $64,572.50 leaves $62,210.50.

In support of this figure, the City has submitted 28 pages of time sheets; most of the pages contain about 20 entries. (Doc. 249-1). Plaintiff takes issue with a significant number of these entries, describing the amount of time recorded for dozens of tasks as "unreasonable." The Plaintiff also takes issue with numerous time entries for tasks performed by paralegals, arguing that the tasks were clerical in nature and therefore not properly compensable as paralegal time.

Having reviewed the entries, the Court disagrees with the Plaintiff's characterization of the paralegal entries at issue. However, generally speaking, the Court does find that the amount of time expended by the City's legal team after the close of discovery was excessive. The amount of entries in the time sheets provided by the City makes an hour-by-hour analysis unfeasible.

Therefore, the Court will exercise its discretion under *Bivins* and make an across-the-board cut. Based on the Court's familiarity with litigation of this nature, the amount of time billed appears to be about thirty percent too high.  Seventy percent of $62,210,50 is $43,547.35.

### IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Determine Amount of Attorneys' Fees (Doc. 249) is **GRANTED IN PART AND DENIED IN PART** as described above, and the City is hereby awarded attorneys' fees in the amount of $43,547.35 pursuant to 42 U.S.C. § 1988.

**DONE** and **ORDERED** in Orlando, Florida on September 3, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties