# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM SMITH,**

      **Plaintiff,**

**v.**                                                  **Case No: 6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Offset Fees and Costs (Doc. 252) filed by Defendant City of Oak Hill (the "City") and the response in opposition (Doc. 258) filed by the Plaintiff, William Smith ("Smith").

Smith prevailed in his Section 1983 claim against Defendant Shane Chandler ("Chandler") and was awarded $27,604.00 in fees pursuant to 42 U.S.C. §1988 (Doc. 256) and $674.80 in costs (Doc. 241), for a total of $28,278.80. The City prevailed as to the claims filed by Smith against it and was awarded $43,547.35 in fees pursuant to 42 U.S.C. § 1988 (Doc. 261) and $4,155.92 in costs (Doc. 165), a total of $47,703.27.

Chandler was a police officer employed by the City. The City contends that, because of this, its self-insurance fund (the Florida Municipal Insurance Trust) will pay the $28,278.80 to Smith on behalf of Chandler. The Florida Municipal Insurance Trust also paid for the City's defense in this case, and as a result the City is obligated to pay to it the fees and costs it receives from Smith. Accordingly, the City argues, the Florida Municipal Insurance Trust will be both a payer and a payee in regard to Smith. Because of this, the City argues that "it is only fair and

equitable" that the $28,278.80 that is owed to Smith be set off against the $47,703.27 that Smith owes.

"The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913)). In this case, however, Chandler owes Smith, but Smith does not owe Chandler. Rather, Smith owes the City. (Or, in the terms used in the *Strumpf* case, A owes B, but B owes C, not A.) The fact that a third party may have agreed to assume obligations on behalf of Chandler or the City does not change that equation, and offset is not available here.

In addition, the Court notes that entities such as Oak Hill vigorously oppose any effort to inform juries that municipal employees will be indemnified by the municipality or its insurer if a verdict is rendered against the employee – presumably out of a fear that the jury will render a larger verdict if it knows that deeper pockets are available to pay it. With Oak Hill having benefited from the illusion of separation between itself and its employee during the trial, it would be inequitable to allow it to discard this legal fiction once the verdict has been rendered. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Offset Fees and Costs (Doc. 252) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 6:11-cv-01332-GAP-KRS Document 262 Filed 09/04/13 Page 3 of 3 PageID 3642