**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM SMITH,**

      **Plaintiff,**

**v.**         Case No:   **6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

      **Defendant.**

**REPORT AND RECOMMENDATION AND CERTIFICATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT CITY OF OAK HILL'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS (Doc. No. 270)**
>
> **FILED:** **April 1, 2014**

**I. RELEVANT BACKGROUND.**

In 2012, the Court ordered Plaintiff's attorney, Carlus L. Haynes, Esq., to pay counsel for Defendant City of Oak Hill ("City")[1] $2,774.50 in attorney's fees and costs.[2]  Doc. Nos. 62, 107.

---

[1] After entering the Order requiring Plaintiff's counsel to pay attorney's fees which is the subject of the instant dispute, the Court granted the City's motion for summary judgment (Doc. No. 147), which ultimately resulted in the City being terminated as a Defendant in this case.  Likewise, Michael Ihnken – who was originally a Defendant in this case – was terminated as a Defendant after the Court granted his motion for judgment as a matter of law (Doc. No. 181).  Accordingly, neither the City nor Ihnken currently appears as a named Defendant in the case caption.  Nonetheless, for ease of reference, I refer to the City, Chandler, and Ihnken as "Defendants" throughout this Order.

[2] The Court also ordered Attorney Haynes to pay attorney's fees and costs to counsel for Defendants Chandler and Ihnken.  Although it does not appear that Attorney Haynes has made the required payment to those attorneys, Defendants Chandler and Ihnken have not filed a motion for contempt.  As such, the sole issue before the Court is Attorney Haynes's failure to pay counsel for the City as required.

Attorney Haynes objected to the Order, but his objection was overruled. Doc. No. 145. As a result, on January 7, 2013, the Court ordered Attorney Haynes to make the required payment by February 8, 2013. *Id.* On February 8, 2013, Attorney Haynes asked the Court to vacate its Orders imposing attorney's fees and costs. Doc. No. 183. The Court denied that motion on May 14, 2013, leaving Attorney Haynes's obligation to pay counsel for the City intact. Doc. No. 232.

On April 1, 2014, the City filed a motion for civil contempt and sanctions based on the failure of Attorney Haynes to make the payment required by the Court's January 7, 2013 Order. Doc. No. 270. The City asks that the Court enter an Order directing Attorney Haynes to show cause why he should not be held in civil contempt, to require him to appear personally in court for any hearing on this matter, and to issue an Order finding Attorney Haynes in contempt. As sanctions, the City asks the Court to assess coercive damages against Attorney Haynes for each day until Attorney Haynes pays the money he owes the City and to award the City its attorney's fees and costs in connection with these proceedings.

Attorney Haynes, by counsel, filed a response to the motion on April 15, 2014. Doc. No. 271. At the conclusion of his response, Attorney Haynes asked the Court to vacate the portion of its October 18, 2012 Order assessing costs to the City in the amount of $2,774.50 and to Defendants Chandler and Ihnken in the amount of $2,594.91 (Doc. No. 107). I interpreted that request as a motion to vacate the October 18, 2012 Order and issued an Order denying the motion. Doc. No. 275. In that Order, I also noted that Attorney Haynes's response to the City's motion failed to provide the Court with the information it needed to resolve the City's motion. Accordingly, I gave Attorney Haynes an opportunity to provide additional information.

Attorney Haynes filed a supplemental affidavit on July 8, 2014. Doc. No. 276. Although this filing was untimely, I have considered it. In the affidavit, Attorney Haynes discusses his

current financial situation and provides information regarding his income and expenses. He also attached various documents to the affidavit, including credit card statements and bank statements. He avers that he cannot pay the money he owes to the City and that he intends to pay the City immediately once Defendant Chandler, by and through the Florida Municipal Insurance Trust, has paid Attorney Haynes's firm the fees he owes pursuant to the Court's Order of July 1, 2013. *See* Doc. No. 255.

In light of Attorney Haynes's supplemental filing, the City's motion is now ripe for decision.

## II.     APPLICABLE LAW.

As stated above, Attorney Haynes has been ordered to pay the City's counsel $2,774.50 in attorney's fees and costs. The City asks that Attorney Haynes be held in contempt based on his failure to make the required payment. Once the party moving for a contempt order makes a *prima facie* showing that a court order has been violated, the burden of production shifts to the party who violated the order to produce evidence explaining his noncompliance. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citations omitted). Here, it is undisputed that Attorney Haynes has not complied with the Court's Orders to pay counsel for the City $2,774.50 in fees and costs. Thus, the burden of production has shifted to Attorney Haynes to explain his noncompliance.

In a civil contempt proceeding, such as this one, an individual may assert a present inability to comply with the order in question, as Attorney Haynes has done. *United States v. Rylander*, 460 U.S. 752, 757 (1983) (citations omitted). However, he must offer proof "beyond 'a mere assertion of inability' and introduce evidence supporting his claim." *Citronelle-Mobile Gathering, Inc.*, 943 F.2d at 1301 (quoting *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.

1984)).  Attorney Haynes can demonstrate an inability to comply only by showing that he has made "'in good faith all reasonable efforts to comply.'"  *Id.* (quoting *United States v. Ryan*, 402 U.S. 530, 534 (1971)).  In addition, the question that must be resolved by the Court is whether Attorney Haynes has the present ability to pay, *in whole or in part*, the amount he owes to counsel for the City.  *See Piambino v. Bestline Prods., Inc.*, 645 F. Supp. 1210, 1214 (S.D. Fla. 1986) ("Moreover, we think it clear that a person subject to court order must comply to the fullest extent possible, regardless of whether such efforts result in compliance in whole or in part."); *Loftus v. Se. Penn. Transp. Auth.*, 8 F. Supp. 2d 464, 469 (E.D. Penn. 1998) ("Furthermore, unless a party is completely unable to comply with the Court's [Orders] due to poverty, he must comply to the extent that his finances allow him.").

In addition, when the parties have not consented to magistrate judge jurisdiction, as in this case, the civil contempt authority of a magistrate judge is circumscribed.  A magistrate judge does not have jurisdiction to hold an individual in civil contempt.  Instead, pursuant to 28 U.S.C. § 636(e)(6), if a magistrate judge determines that an act constitutes civil contempt, she shall:

> forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

**III.  DISCUSSION.**

As stated above, it is undisputed that Attorney Haynes has not complied with the requirement to pay counsel for the City $2,774.50 in attorney's fees and costs.  Attorney Haynes asserts that he cannot pay the total amount due, and he has presented an affidavit and supporting documents in support of this assertion.

Upon review of the evidence submitted by Attorney Haynes, it appears that he has significant debts and that some of those debts may be superior to the debt he owes counsel for the City. Nonetheless, the evidence also includes discretionary expenditures that are inconsistent with Attorney Haynes's claim that he is presently unable to pay even a portion of the $2,774.50 he owes counsel for the City and that he has made all reasonable efforts to comply with the Court's Orders. *See, e.g.*, Doc. No. 276 at 2 (averring under oath that Attorney Haynes tithes $400.00 per month), 15 (showing a $212.39 payment to DIRECTV on June 1, 2014). Accordingly, I find it appropriate to certify facts constituting civil contempt in accordance with 28 U.S.C. § 636(e)(6), as set forth below.

**IV.   CERTIFICATION.**

Pursuant to 28 U.S.C. § 636(e)(6), I certify the following facts to the district court:

1. On January 7, 2013, the Court ordered Attorney Haynes to pay counsel for the City $2,774.50 in attorney's fees and costs no later than February 8, 2013.   Doc. No. 145.

2. On February 8, 2013, Attorney Haynes asked the Court to vacate its Orders imposing attorney's fees and costs.   Doc. No. 183.

3. The Court denied that motion on May 14, 2013, leaving Attorney Haynes's obligation to pay counsel for the City intact.   Doc. No. 232.

4. Attorney Haynes has not complied in whole or in part with the requirement to pay attorney's fees and costs to counsel for the City.

5. Although Attorney Haynes asserts a present inability to pay, the discretionary expenditures mentioned above indicate that he has not made all reasonable efforts to comply with the Court's Orders and that he is not presently unable to pay even a portion of the money he owes the City's counsel.

Accordingly, pursuant to 28 U.S.C. § 636(e)(6), I respectfully recommend that the Court order Attorney Haynes to appear before it and show cause why he should not be adjudged in civil contempt based on these facts.

## V.     RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** the City's Motion for Civil Contempt and Sanctions (Doc. No. 270) and issue an order directing Carlus L. Haynes, Esq., to show cause why he should not be held in civil contempt and requiring Attorney Haynes to appear personally in court for a hearing on the matter.   As stated above, pursuant to 28 U.S.C. § 636(e)(6), I do not have authority to hold a party in civil contempt in this case.  Accordingly, if this Report and Recommendation is adopted, the presiding District Judge will, after holding a hearing, determine whether Attorney Haynes should be held in civil contempt and, if so, the appropriate sanction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 10, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy