# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM SMITH,**

        **Plaintiff,**

**v.**                                                    **Case No:   6:11-cv-1332-Orl-31KRS**

**SHANE CHANDLER,**

        **Defendant.**

_____

## ORDER

This matter comes before the Court after a hearing on the Motion for Civil Contempt and Sanctions (Doc. 270) filed by the City of Oak Hill, Florida (henceforth, the "City"), formerly a defendant in this matter, and the response in opposition (Doc. 271) filed by counsel for the Plaintiff.

On October 18, 2012, Magistrate Judge Karla Spaulding ordered Smith's counsel, Carlus Haynes, to pay the City a total of $2,774.50 -- $2,362.00 in attorney's fees and $412.50 in costs -- by November 30, 2012 as a sanction for having improperly directed Smith not to answer certain questions during a March 7, 2012 deposition.   (Doc. 107 at 9).   Smith's counsel sought review of that order on the merits but did not assert an inability to pay.   (Doc. 117).   On January 7, 2013, the undersigned confirmed Judge Spaulding's order and ordered Smith's counsel to pay the sums at issue to the City by February 8, 2013.   (Doc. 145 at 2).   On that date, Haynes moved to vacate the orders requiring him to make the payments, arguing for the first time that he was unable to pay.   (Doc. 83).   The Court denied the motion to vacate on May 14, 2013, finding that the inability-to-pay argument had been waived.   (Doc. 232).

On February 1, 2014, the City filed a motion for civil contempt and sanctions (Doc. 270) on the grounds that Haynes had refused to pay any part of the court-ordered sanction.   Haynes responded (Doc. 271) and the Court referred the matter to Judge Spaulding.   In her Report and Recommendation (Doc. 277), Judge Spaulding found that Haynes had failed to demonstrate that he had made a good faith, reasonable effort to comply with this Court's orders.   Lacking jurisdiction to resolve the issue, Judge Spaulding recommended that Haynes be ordered to appear before the undersigned to determine whether he ought to be held in contempt.   (Doc. 277 at 6).

At the hearing, which was held on October 28, 2014, counsel for the City informed the Court that Haynes had finally – within the previous week -- tendered a check for $2,774.50.[1] Given the opportunity to testify, Haynes admitted that he had made no effort to pay any portion of the $2,774,50 for roughly eighteen months, despite this Court's order.[2]

The evidence as to Haynes' inability to pay was not convincing, consisting solely of Haynes' conclusory testimony to that effect and a smattering of financial records -- as opposed to, for example, an actual financial statement.   Although the evidence was sufficient to find that Haynes' financial situation is (and was) precarious, with limited income and a number of outstanding obligations, there was evidence showing that Haynes was able to find the money to pay for non-mandatory items such as cable TV and donations to a church during the period in question.   When the City contacted him regarding payment of the sanction, rather than using

---

[1] According to counsel for the City, Haynes attempted to make acceptance of the check contingent upon the City foregoing any entitlement to additional sums, such as the fees and costs expended by the City in attempting to collect the original sanction.

[2] Haynes testified that at some point in the last few months before the hearing, he had sent an email to counsel for the City in which he offered to make payments of $50 per month toward his obligation.   However, counsel for the City did not recall receiving any such email, and Haynes was not able to produce any evidence of its existence.

some of those funds to pay at least part of it, Haynes informed opposing counsel that he couldn't

be made to pay without the City establishing his ability to do so, which they had not done, and that

if this Court again ordered him to pay anything, he would simply appeal to the Eleventh Circuit.

Upon review of the evidence presented at and in connection with the October 28, 2014

hearing, the Court finds that Haynes did not make a reasonable effort to comply with this Court's

order requiring him to pay $2,774.50 to the City and that he therefore should be held in contempt.

Given the changed financial circumstances that permitted Haynes to finally tender the money he

has long owed to the City,[3] the Court finds that a financial sanction is a viable option for this

misconduct. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

The Report and Recommendation of the Magistrate Judge is **ADOPTED AND**

**CONFIRMED** and made a part of this order.   And it is further

**ORDERED** that the Motion for Civil Contempt and Sanctions (Doc. ) is **GRANTED IN**

**PART**.   The Court finds that Carlus L. Haynes is in contempt of the orders of October 12, 2012

and January 7, 2013, requiring him to pay $2774.50 to the City.   And it is further

---

[3] On October 2, 2014, after the Eleventh Circuit resolved the parties' appeals in this case, Defendant Shane Chandler paid a $27,604.00 attorney's fee award that had been entered against him pursuant to the jury's verdict.   (Doc. 290 at 1).

**ORDERED** that, as a sanction for his conduct, Carlus L. Haynes shall pay the City

$1,000.00 not more than ten days after the entry of this order.   In all other respects, the motion is

**DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 29, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE